UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ELAINE STEVENSON,

      Plaintiff,

  v.

COUNTY OF SACRAMENTO, CRAIG HILL, JOHN McGINNESS and DOES 1 through 10, inclusive,

      Defendants.

NO. CIV. S 03-0201 MCE PAN

MEMORANDUM AND ORDER

----oo0oo----

**BACKGROUND**

In bringing this motion, Plaintiff asks the Court to impose monetary sanctions against defense counsel Nancy Sheehan on the basis of Ms. Sheehan's alleged misconduct in punitive damages portion of this trial. She alleges that misconduct caused a mistrial and requests a total of $2,285.15 in expenses (costs for trial transcripts and travel expenses) associated with having to bring the instant motion.

1

**ANALYSIS**

Plaintiff bases her motion on five main grounds.  First, she claims that Sheehan improperly alluded to the fact that Defendant Hill might be responsible for paying the judgment in this case. Secondly, she argues that Sheehan's questioning of Hill, with respect to how media accounts of this case affected him, was wholly improper.  Third, Price contends that Sheehan should not have elicited testimony from Hill as to how it was embarrassing for him to have to produce the details of his financial circumstances during the punitive damages aspect of the trial. Fourth, Price argues that any reference, by Hill, to how the verdict in the case in chief had already affected him (and effectuated punishment) should not have occurred.   Finally, Price asserts that any reference to Hill's family should not have been permitted since such reference served no purpose other than to openly solicit sympathy for Hill.

None of these claims have merit.  Hill's personal responsibility for paying any judgment must necessarily be the baseline approach and assumption to be applied by the jury. Contrary to Plaintiff's assertion, the Ninth Circuit's decision in Larez v. Holcomb, 16 F.3d 1513 (9th Cir. 1994) does not indicate otherwise.  Larez simply holds that evidence of insurance or other indemnification should not be permitted to reach the jury due to concerns that a resulting verdict could be skewed if, for example, the jury knew that someone else would be

paying the verdict.  Id. at 1518, 1520.  Larez does not stand for the proposition, as advanced by Plaintiff, that the defendant's own ability to pay cannot be advanced in the punitive damages portion of a trial.

While Plaintiff's papers quote the Rutter Group's Practice Guide on Federal Civil Trials & Evidence (at § 14:266) as stating that "reference to the wealth or poverty of either party or reflection of financial disparity is improper argument", Plaintiff neglects to say that the same Practice Guide goes on to state that "[t]he rule is otherwise where a party's financial condition is at issue- e.g., where punitive damages are sought." Id. at § 14:271.

Any reference to Hill's financial condition during the compensatory aspect of the trial, where the focus must necessarily be on making the Plaintiff whole without regard to a defendant's ability to pay, would have been improper.  Here, however, the only reference to Hill's finances in fact occurred during the punitive damages portion of the trial, where his net worth was directly relevant in formulating an appropriate punishment.  Making that determination on anything other than an assumption by the jury that Hill would have to pay the judgment makes no sense.  Hence any reference to Hill having to pay any judgment is proper argument and not sanctionable conduct.

The second, third and fourth arguments identified by Plaintiff as constituting misconduct on attorney Sheehan's part all pertain to testimony elicited from Defendant Hill as to the effect these proceedings have already had on him and on his family.  It is axiomatic that punitive damages serve a dual

purpose of both deterrence and retribution. State Farm Mutual Ins. Co., v. Campbell, 538 U.S. 408, 416 (2003). In determining the amount of such damages that will adequately punish and deter a defendant, the jury should not be precluded from hearing evidence and/or argument bearing on the degree to which the defendant has already been punished though non-financial means. To that end, Ms. Sheehan had Defendant Hill testify as to his discomfort at being the source of newspaper/media attention through the course of the case, the punishment already meted out in the form of the initial verdict alone, and his embarrassment at having to publicly divulge every detail of his personal finances. Ms. Sheehan then argued that those factors should be taken into account in determining any additional punitive damages that the jury deemed necessary to adequately deter and punish Defendant Hill. That is also perfectly acceptable argument and not behavior for which Ms. Sheehan should be sanctioned.

The unquestioned fact that it would have been impermissible to introduce newspaper articles about the case into evidence, since they constitute hearsay, does not mean that Defendant Hill could not testify concerning the effect that media coverage had on him in general. The substance of the articles was not disclosed and they were mentioned only with respect to their effect on Defendant Hill, not for the truth of what they asserted. Consequently there is no hearsay issue.

Plaintiff's final argument (that Hill should not have testified about his family circumstances) is equally unavailing. The fact that Defendant Hill had three young children (who were triplets), for example, was relevant to his financial obligations

and hence to any calculation of an appropriate punitive damage award.

**CONCLUSION**

Based on the foregoing, Plaintiff's Motion for Monetary Sanctions against defense counsel Nancy Sheehan is DENIED in its entirety.[1]

IT IS SO ORDERED.

DATED: September 28, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] In making this Motion, Plaintiff has requested that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of four different items. Judicial notice as to portions of the Reporter's Transcript in this matter, as well as proffered jury instructions, is unopposed and accordingly granted. The defense, however, has opposed judicial notice of the Declaration of Susan A. Taylor. While that Declaration has undisputedly been lodged with the court, that does not mean that its contents are subject to judicial notice as not reasonably subject to dispute under Rule 201(b). In fact, examination of the Taylor Declaration shows that it is replete with references to the manner in which the jury deliberated in this matter, and consequently must be disregarded and stricken in its entirety pursuant to Federal Rule of Evidence 606(b), which prohibits a verdict from being impeached on such evidence. Consequently judicial notice is denied as to the Taylor Declaration.