UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ELAINE STEVENSON,

        Plaintiff,

   v.

COUNTY OF SACRAMENTO, CRAIG HILL, JOHN McGINNESS and DOES 1 through 10, inclusive,

        Defendants.

NO. CIV. S 03-0201 MCE PAN

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

Through this motion, Plaintiff seeks to have the original verdict reinstated on grounds that the note received from the jury after the first verdict was taken amounts to a statement regarding the jury's deliberations that is inadmissible under Federal Rule of Evidence[1] 606(b).  In support of that contention, Plaintiff has produced a declaration from one of the

---

[1] Unless otherwise noted, all further references to "Rule" or "Rules" in this Memorandum and Order are to the Federal Rules of Evidence.

1

jurors, Susan A. Taylor.  According to Plaintiff, the initial verdict must stand because it was not inconsistent on its face and because the post-verdict note should not have been considered.  Defendants, on the other hand, argue that the import of the note was not content of deliberations *per se* but rather the fact that the verdict as published did not reflect the verdict intended by the jury.  Defendants further contend that the Taylor declaration must be disregarded as inadmissible.  As set forth below, Plaintiff's Motion to Reinstate the Original Verdict in this matter is denied.  In addition, the Declaration of Susan A. Taylor is in plain contravention of Rule 606(b) and is accordingly not being considered in deciding this matter.

**BACKGROUND**

The jury in this matter returned their initial verdict at approximately 2:05 p.m. on June 24, 2005.  That verdict awarded Plaintiff Elaine Stevenson the sum of $20,000 for past economic loss and $153,000 in non-economic damages.  Defendant Hill was found to have acted with malice or reckless disregard of Plaintiff's federally protected rights in recommending that she be transferred from the Homicide Bureau of the Sacramento County Sheriff's Department.  After receiving the verdict, court was adjourned for the day.  The jury was not discharged, however, because it was ordered to return on July 5, 2005 for the punitive damages portion of the trial as against Defendant Hill.

At 2:25 p.m., or approximately ten minutes after the court's adjournment, jury foreperson Jonathan Blank sent a jury note

stating as follows:

> "It was our belief that we were deliberating the punitive damages as 'non-economic.' We intended the sum of $153,000 as punitive and not emotional or other. We had decided that the sum of 153,000 is the punitive damage."

Based on that note, the Court *sua sponte* vacated the original verdict and directed the jury to resume deliberations after providing re-instruction as to the meaning of economic and non-economic damages. At 3:30 p.m., a second unanimous verdict was reached which reduced the non-economic damages from $153,000 to $75,000.

**ANALYSIS**

A. <u>Reinstatement of Initial Verdict</u>

Plaintiff contends that the court's consideration of the jury note forwarded after the initial verdict was read violates the provisions of Federal Rule of Evidence 606(b), which states in pertinent part as follows:

> "Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith... **Nor may a juror's affidavit or evidence of any statement by a juror concerning a matter about which the juror would be precluded from testifying be received for these purposes**."

(emphasis added).

According to Plaintiff, because the note references the jury's "belief" and further refers to their deliberation and decision, it runs afoul of Rule 606(b) and should not have been

considered. Plaintiff cites authority for the proposition that evidence of a jury's misunderstanding of instructions given cannot be used to impeach a jury verdict, and argues that the initial verdict should therefore stand. *See* United States v. Stacey, 475 F.2d 1119 (9th Cir. 1973) (declarations filed by former jurors in support of a motion for new trial, as to jury misunderstanding of the elements of the offense at issue, concern the jurors' mental processes and should not have been used for purposes of impeaching the verdict); Peveto v. Sears. Roebuck & Co., 807 F.2d 486 (5th Cir. 1987) (post-trial polling of jurors which revealed alleged misunderstanding as to contributory negligence could not be used to impeach jury verdict).

The present case is distinguishable on its facts from either Stacey or Peveto. Unlike those cases, the issue in this case was brought to the court's attention by the jury itself within minutes of the time the initial verdict was rendered. Additionally, and even more importantly, the substance of the jury's note refers not to the deliberations themselves or to any misunderstanding by the jurors to the substantive instructions they received. Instead, the jury indicates it made a mistake in awarding punitive damages it was not yet supposed to be considering at that stage of the proceedings, before any evidence as to punitive damages had been introduced. The jury realized that fundamental error as soon as it was told by the court to return for the punitive damages component of the trial, and it immediately notified the court accordingly.

There appears to be no Ninth Circuit authority directly addressing these particular factual circumstances. It is

nonetheless well recognized that a juror affidavit is admissible "to show that the verdict delivered was not that actually agreed upon". United States v. Dotson, 817 F.2d 1127, 1130 (5th Cir. 1987), *citing* University Computing Co. v. Lykes-Youngstown Corp., 504 F.2d 518, 547-58 n. 43 (5th Cir. 1974). As the Tenth Circuit explained in Young v. United States, 163 F.2d 187, 189 (10th Cir. 1947):

> "Jurors cannot be heard to testify that while the substance of the verdict returned into court was understood, it was predicated upon a mistake of testimony, a misrepresentation of law, unsound reasons, or improper motives. **But jurors are competent witnesses for the purpose of showing that through oversight, inadvertence, or mistake respecting the substance of the verdict returned into court, it was not the verdict on which agreement was actually reached in the jury room.**"

(emphasis added).

Here, it seems clear that the error identified by the jury fits within the exception to the nonimpeachment rule recognized by these cases. In this case, the jury thought they were awarding punitive damages when they were not in fact doing so and were instead making an award of non-economic damages. This Court properly directed the jury to reconvene, after receiving its note, for purposes of reaching a verdict which in fact represented non-economic damages, rather than punitive damages which were not yet to be considered. Plaintiff's Motion to Reinstate the Original Verdict is consequently denied.

### B.  Declaration of Susan A. Taylor

The Declaration of Susan A. Taylor, which Plaintiff offers to support her argument that the initial verdict should stand, is replete with references to the manner in which the jury

-5-

deliberated in this matter, and consequently should be disregarded and stricken in its entirety. Given the clear inadmissibility of that declaration, the Court need not consider Ms. Taylor's allegation that the post-verdict jury note did not reflect the overall views of the juror as opposed to its author, the jury foreperson. Even were that issue addressed, however, Plaintiff's contention that the Court should have polled the members of the jury (to ascertain whether the note represented their views) appears misplaced. Examination of the record shows that after receiving the note and reinstructing the jurors as to damage issues, the Court specifically asked the jurors whether they had any questions before reconvening. No juror indicated at that time that the note was inaccurate as not representing the views of the jury as a whole.

**CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Reinstate the Initial Verdict in this Motion is DENIED.[2] The Declaration of

//
//
//
//

---

[2] Within her motion, Plaintiff has also requested that the Court clarify the Amended Judgment in this case filed July 11, 2005. Concurrently with the filing of this Memorandum and Order, the Court has issued a Second Amended Judgment which should, as requested by Plaintiff's counsel, resolve any ambiguity as to the effect of the mistrial reached in the punitive damages aspect of this trial.

Susan A. Taylor, offered in support of Plaintiff's Motion, is inadmissible under Rule 606(b) and was accordingly not considered by the Court in making its decision.

IT IS SO ORDERED.

DATED: September 28, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE